UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MANUEL A. HERMOSILLO**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 20-1004**

**DAVID COLE, ET AL.**                                  **SECTION: "J"(5)**

## REPORT AND RECOMMENDATION

Plaintiff, Manuel Arizmendi Hermosillo, is an inmate currently housed at the Pine Prairie Immigration and Customs Enforcement ("ICE") Processing Center in Pine Prairie, Louisiana. He has submitted a complaint pursuant to Title 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis*.[1] He alleges that while incarcerated at the LaSalle ICE Processing Facility/G.E.O. in Jena, Louisiana, Defendant officials improperly classified him as high custody and subjected him to housing with dangerous and violent offenders. After his grievance was denied, he was attacked by other detainees and injured. He requests monetary compensation and injunctive relief. (Rec. doc. 1).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in

---

[1] The motion to proceed as a pauper is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915. (Rec. doc. 7). The pending motion for appointment of counsel is also deferred. (Rec. doc. 8).

which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

At all relevant times, Plaintiff was incarcerated at the LaSalle Detention Center in Jena, Louisiana, which is situated within LaSalle Parish where the incident allegedly occurred. Any Defendants may be found in LaSalle Parish, which is located within the boundaries of the United States District Court for the Western District of Louisiana.   28 U.S.C. § 98(c). Accordingly, venue is not proper in the Eastern District of Louisiana.

If venue does not lie within a judicial district, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district.   28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962).   Here, the Court finds that transfer of this proceeding to the appropriate district, rather than dismissal, would promote efficient and fair adjudication and serve the interests of justice.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Western District of Louisiana.

The pending motion to proceed as a pauper (rec. doc. 7) and Motion to Appoint Counsel (rec. doc. 8) are **DEFERRED** to the transferee court for consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

2

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  4th  day of _____ May _____, 2020.

                                                  **MICHAEL B. NORTH**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.